[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff James Galvin brings this action against the defendant Joseph DeLaurentis to recover in contract and in tort for the defendant's failure to alert the plaintiff to the presence of termites in a home the plaintiff purchased in 1994.
The plaintiff, in deciding to purchase the property at 52 Madison Springs Drive, Madison, CT, retained the defendant and his company Tiger Group, Inc., to perform a residential home inspection and a termite inspection. The defendant specified in writing that the inspection "does not warranty the absence of wood-boring insects." Rather the defendant obligated himself to document in the report any "previous and ongoing activity" discovered during the interior or exterior inspection [emphasis supplied]. Exhibit C.
The defendant inspected the property using a metal object to probe and sound for soft or rotten wood. He found no evidence of any insect activity or insect damage. As part of his inspection report, the defendant completed a U.S. Department of Housing form certifying that he observed "no visible evidence of infestation from wood destroying insects. . . ."
The plaintiff closed on the property in March of 1994. In 1994 and 1995, during the spring when termites swarm, the CT Page 9767 plaintiff did not observe any problems. In the third spring of his ownership, however, he observed a swarm of insects and called a pest control company. Termites were detected at that time. The pest control company also determined that a previous course of termite eradication had taken place in the garage area of the property at some point in the past. This could be seen by the presence of patched drill holes around the interior perimeter of the garage where poison or bait would have been placed in the ground under the concrete slab foundation. The defendant did not see these patches during his inspection.
The plaintiff conceded during summation that his claim of negligence and breach of contract is limited to the allegation that the defendant was under a duty to report to the plaintiff the fact that there had been past treatment for termite infestation.
The court finds that the defendant was not so obligated. The report of the defendant and the Department of Housing form require the defendant to use reasonable care to look for and to report on any current observable insect damage or insect activity. What the plaintiff believes should have been reported was past human activity, that is, prior termite treatment by a pest control technician.
Even if the court agreed with the plaintiff's interpretation, the court cannot conclude from the evidence that the defendant was negligent in not seeing the drill holes. The court credits the defendant's testimony that some of the concrete slab was covered by a rug, and much of the rest was obscured by the seller's personal belongings that were placed around the interior perimeter of the garage at that time. The defendant acted reasonably in conducting a visible inspection.
The defendant was under no duty to report past termite treatment to the plaintiff. The defendant saw no damage or infestation at the time of his inspection, nor is there any evidence that in 1994 there was any such infestation or damage to be seen.
The court finds for the defendants and against the plaintiff on both counts of the complaint.
Pittman, J.